UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM R. BRITTON                                 Plaintiff,    v.    CITY OF SOUTH BEND,                                 Defendant. | CAUSE NO. 3:24cv234 DRL-SJF |

OPINION AND ORDER

William Britton sues the City of South Bend for violations of his constitutional rights in an ongoing residential code enforcement proceeding. The City moves to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6). The court denies a dismissal but stays the case under *Younger v. Harris*, 401 U.S. 37 (1971), pending resolution of the active administrative proceeding.

STANDARD

For purposes of this motion, the court may consider only the complaint, its attachments, documents incorporated by reference in the complaint, and judicially noticeable facts. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56…or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735.

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*,

623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## BACKGROUND

In March 2022, the City of South Bend's Neighborhood Services & Enforcement Department of Code Enforcement initiated code enforcement proceedings under Indiana's Unsafe Building Law (UBL) against Mr. Britton after inspecting his home [1 ¶ 13]. In a March 21, 2022 letter, the City alleged that a March 20, 2022 inspection revealed that the property was "in disrepair or may be a public safety hazard" [*id.* ¶ 14; 7-3 at 1]. The letter said necessary repairs needed to be completed by April 20, 2022 [1 ¶ 14]. After receiving the letter, Mr. Britton provided relevant records and communicated with the City to resolve the issues [*id.* ¶ 15].

A hearing was originally scheduled for September 8, 2022 [*id.* ¶ 17]. This hearing was first continued to October 6, 2022 by agreement of the parties and then again continued to December 1, 2022, without agreement or notice given to Mr. Britton [*id.* ¶¶ 17-19]. Mr. Britton never received notice of the hearing and thus did not have an opportunity to attend [*id.* ¶¶ 20-21]. At the December 1, 2022 hearing, without Mr. Britton present, the City affirmed a "vacate and seal" order on the home, rescinded the continuous enforcement order, affirmed an order to repair with a new deadline of December 1, 2022, and imposed a $2,500 civil penalty for willful failure in the event Mr. Britton failed to comply with the

order to repair [*id.* ¶ 20]. Mr. Britton says he never received a copy of the hearing's order [*id.* ¶ 22]. The $2,500 fine was ultimately imposed on Mr. Britton's fall 2022 property tax assessment [*id.* ¶ 21]. The City placed a "vacate and seal" notice on the home on January 12, 2023 [*id.* ¶ 22].

Mr. Britton alleges that the City held another hearing on June 28, 2023, and that he again did not receive notice of the proceeding [*id.* ¶¶ 23-25]. Also on June 28, 2023, the City issued an order to comply, an order to vacate and seal, and notice of a continuous enforcement hearing to be held on July 27, 2023 [*id.* ¶¶ 26-27]. Mr. Britton received notice of this hearing [*id.* ¶ 28]. The order to comply instructed Mr. Britton to cure the violations by the July 27 hearing date [1-8 at 1].

During this hearing, according to Mr. Britton, the City's own witness admitted that the City had no record of providing Mr. Britton with notice, either by mail or publication, of the hearing that Mr. Britton alleges occurred on June 28, 2023 [1 ¶ 30]. Further, Mr. Britton says the City did not provide him with a full and fair opportunity to heard at the July 27, 2023 hearing both by refusing to listen to requests to set aside orders previously issued and by ending the hearing before Mr. Britton's attorney could finish making his record on the issue [*id.* ¶ 31]. Neighborhood Services and Enforcement online records reflect that on July 31, 2023, the City entered a modified order to repair requiring that all repairs be completed by August 28, 2023 [*id.* ¶ 32]. Those same online records reflect that the City has not conducted a post-hearing property inspection, and the proceeding remains active.[1]

Mr. Britton filed suit, alleging that the City has violated his due process rights by providing him insufficient notice of the hearings and the opportunity to be heard and violated his Eighth Amendment right against excessive fines in light of the City's failure to provide proper due process. In his complaint, Mr. Britton alleges that the City has a "systematic problem" affording due process rights in enforcement proceedings brought against property owners [*id.* 2]. He seeks injunctive relief against the City's

---

[1] *See* https://aca-prod.accela.com/SOUTHBENDIN/DEFAULT.aspx (last visited Sept. 16, 2024) (Case No. HSG-22-00050). The court takes judicial notice of this proceeding.

3

continuous enforcement orders of December 1, 2022 and June 28, 2022, several declaratory judgments regarding the City's orders and the $2,500 fine, and an order that the City pay punitive and other monetary damages. The City argues *Younger* abstention and other defenses today.

## DISCUSSION

A district court has a near-unwavering obligation to hear claims within its jurisdiction. *See R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716 n.6 (7th Cir. 2009). That said, several judicially-created doctrines permit the court, in narrow circumstances, to abstain from exercising its jurisdiction so as to respect comity between federal and state proceedings. One such doctrine comes from *Younger v. Harris*, 401 U.S. 37, 44 (1971).

*Younger* abstention requires federal courts to abstain when the federal suit would interfere with one of three types of ongoing state proceedings: criminal prosecutions; civil enforcement proceedings; or "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The doctrine has been extended beyond its original application to criminal prosecutions to include certain civil enforcement proceedings that are akin to criminal prosecutions "in 'important respects.'" *Id.* at 79 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)). These actions are "characteristically initiated to sanction the federal plaintiff … for some wrongful act." *Id.* (noting that "a state actor is routinely a party to the state proceeding and often initiates the action.").

For a federal court to exercise *Younger* abstention, there must be an ongoing state proceeding that (1) is judicial in nature, (2) implicates important state interests, and (3) offers an adequate opportunity for review of constitutional claims, (4) so long as there are no extraordinary circumstances—like bias or harassment—which would make abstention inappropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 429 (1998); *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007).

Mr. Britton's case is the quintessential example of what *Younger* seeks to address. First, there exists an ongoing state proceeding, as the City's code enforcement case against Mr. Britton is still active. For purposes of *Younger* abstention, the doctrine has been applied to state administrative proceedings, such as what the City currently pursues against Mr. Britton. *See Oszust v. Town of St. John*, 212 F. Supp. 3d 770, 774 (N.D. Ind. 2016) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. 423). Although the order containing the factual findings from the July 27, 2023 hearing rescinded the June 28, 2023 order for continuous enforcement and the order to vacate and seal [7-12 at 3], the order to comply still remains in effect until June 28, 2025. *See* Ind. Code § 36-7-9-5(d) (order to comply typically expires two years from the day the notice of the order is given).

Second, the proceedings are judicial in nature. A proceeding is judicial in nature if it is "akin to a criminal prosecution" in "important respects." *Sprint*, 571 U.S. at 79 (quoting *Huffman*, 420 U.S. at 604). Such a proceeding is typically initiated to sanction the plaintiff—in other words, the party challenging the state action—for some wrongful act. *Id.* Investigations are commonly conducted and lead to the filing of a complaint or charges. *Id.* at 79-80. Here, Mr. Britton is "the target of state … administrative proceedings" to enforce the City's property maintenance code by mandating repairs that the City deemed necessary after an inspection. *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010). The City seeks to enforce the code through a formal enforcement proceeding, where evidence and arguments may be presented, and enforce the code in part by imposing fines. As such, the proceeding against him is judicial in nature.

Third, the City's proceeding against Mr. Britton clearly implicates important state interests. Residential code enforcement is an essential exercise of municipal police power designed to protect the safety and well-being of citizens. *See Devines v. Maier*, 665 F.2d 138, 142 (7th Cir. 1981). The City alleges that the inspection of Mr. Britton's property uncovered exposed wiring, inadequate heating, and missing

handrails, safe exits, and smoke alarms in sleeping areas [1-8 at 3-4]. The City's interest in remedying these alleged Code violations for public safety purposes calls *Younger* abstention into play.

Fourth, the proceedings offer an adequate opportunity for review of constitutional claims. Subsequent judicial review of an administrative proceeding provides adequate opportunity for a party to raise constitutional claims. *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998). Here, an order issued under the UBL is appealable to the state trial court in which the building is located. Ind. Code § 36-7-9-8(a). Appeals are reviewed *de novo*. Ind. Code § 36-7-9-8(c). Although the trial court is highly deferential to the agency that made the original determination, *see Kopinski v. Health and Hosp. Corp. of Marion Cnty., Ind.*, 766 N.E.2d 454, 455 (Ind. Ct. App. 2002), a party appealing an order may raise additional issues in a complaint that the state trial court must fully consider, *Kollar v. Civil City of South Bend*, 695 N.E.2d 616, 620, 623 n.4 (Ind. Ct. App. 1998); *see also City of Mishawaka v. Stewart*, 310 N.E.2d 65, 69 (Ind. 1974). After losing at the administrative level, parties can raise new constitutional arguments to the state trial court. *See, e.g., Kollar*, 695 N.E.2d at 623 n.4; *Util. Ctr., Inc. v. City of Fort Wayne*, 985 N.E.2d 731, 735 (Ind. 2013) ("A review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principle.").

The cause of action provided under Indiana Code § 36-7-9-8 requires that any person requesting judicial review must do so within ten days after the action was taken. Thus, Mr. Britton may be foreclosed from seeking judicial review of the order in place that the City issued on June 28, 2023. However, he had the opportunity to raise a sufficient constitutional challenge, and that is sufficient for *Younger* abstention. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 n. 16 (1987) (holding that the defendant "cannot escape *Younger* abstention by failing to assert its state remedies in a timely manner"). Accordingly, the UBL and its judicial appeal process afforded Mr. Britton a sufficient chance to raise his constitutional claims.

Finally, no exceptional circumstances suggest that the City's proceedings were brought in bad faith or to harass Mr. Britton, or that immediate equitable relief is needed. Exceptional circumstances exist where "(1) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith, or (2) the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *FreeEats.com*, 502 F.3d at 596-97 (citations and quotations omitted). Mr. Britton didn't respond to the City's argument that *Younger* abstention is appropriate, thus he presents no circumstances that would caution against abstention. Although Mr. Britton argues that the City "may have a systematic problem respecting and consistently affording due process rights in the enforcement actions brought against property owners," this bare allegation is insufficient. *See Grandco Corp. v. Rochford*, 536 F.2d 197, 203 (7th Cir. 1976) (holding that this prong "requires more than a mere allegation and more than a 'conclusory' finding").

The final point of discussion is whether the proper course is for the court to dismiss the action or issue a stay pending resolution of the City's proceeding. "In cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts … have the power to stay the action based on abstention principles." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). Further, abstention principles would not support the dismissal of claims for damages. *Id.* Mr. Britton's suit seeks equitable relief (injunctive relief and declaratory judgments) in addition to damages. In the interest of efficiency, the court today will stay the entire federal suit pending resolution of the administrative proceeding between the City and Mr. Britton.

## CONCLUSION

For these reasons, the court GRANTS IN PART and DENIES IN PART the City of South Bend's motion to dismiss [6] and STAYS the case pending final resolution of City of South Bend Neighborhood Services and Enforcement Case No. HSG-22-00050, if not otherwise resolved between the parties. Either side may petition the court to lift the stay.

SO ORDERED.

September 16, 2024                           *s/ Damon R. Leichty*
                                             Judge, United States District Court